IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATALIE NICOLE CARTER BARNES,

   Plaintiff,

v.

MERCY HOSPITAL, et al.,

   Defendants.

Civil Action No.:  ELH-21-1681

**MEMORANDUM**

The above-captioned case was initiated upon the Court's receipt of a Complaint filed on July 7, 2021, by the self-represented plaintiff, Natalie Nicole Carter Barnes.  ECF 1.  Plaintiff also filed a Motion to Proceed in Forma Pauperis (ECF 2), which shall be granted.  ECF 2.  For the reasons discussed below, the Complaint must be dismissed.

Federal courts are courts of limited jurisdiction.  *Home Buyers Warranty Corp. v. Hanna,* 750 F.3d 427, 432 (4th Cir. 2014) (quotation marks omitted) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)).  Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by Constitution and statute."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005) (internal quotation marks omitted).  As the Fourth Circuit stated in *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008), if a party seeks to proceed in federal court, the party "must allege and, when challenged, must demonstrate the federal court's [subject matter] jurisdiction over the matter."  Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed."  *Hanna,* 750 F.3d at 432.

Put another way, "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."  *United States v. Poole,* 531 F.3d 263,

274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377). Even when no party challenges subject matter jurisdiction, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.,* 545 U.S. at 552; 28 U.S.C. § 1331; s*ee also* U.S. Const. art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . ."). This is sometimes called federal question jurisdiction.

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.,* 545 U.S. at 552; *see* 28 U.S.C. § 1332. However, diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of *every* plaintiff must be different from the citizenship of *every* defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (emphasis added); *see Strawbridge v. Curtiss,* 7 U.S. 267 (1806).

The citizenship of the litigants is central when diversity jurisdiction is invoked. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). Notably, "state citizenship for diversity jurisdiction depends not on residence, but on national citizenship and domicile." *Id*. (citation omitted). And, "the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Id*; *see also Robertson v. Cease*, 97 U.S. 646, 648 (1878) ("Citizenship and residence, as often declared by this court, are not synonymous terms."). In other words, for "purposes of diversity jurisdiction, residency is not sufficient to establish

citizenship." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Rather, a U.S. national is a citizen of the state where the person has his or her domicile, which "requires physical presence, coupled with an intent to make the State a home." *Id.*

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz Corp.*, 599 U.S. at 95; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

The Court has afforded the Complaint liberal construction, because plaintiff is self-represented. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the alleged conduct does not amount to a federal claim. At best, the Complaint asserts a claim for medical malpractice. Such a claim arises under Maryland law and may be raised in a state court, but cannot be brought in this court, absent a basis for federal jurisdiction.

The Complaint also fails to establish a basis for diversity jurisdiction. Based on the Complaint, plaintiff and defendants are all citizens of Maryland. Additionally, the conduct giving rise to the Complaint occurred in Maryland. As the Complaint fails to demonstrate that there is either federal question or diversity jurisdiction, it must be dismissed, without prejudice.

A separate Order follows.

July 19, 2021                                                        /s/
Date                                                                 Ellen L. Hollander
                                                                     United States District Judge